[Civ. No. 3103.  Third Appellate District.—February 7, 1927.]

C. J. LUCKEHE, Respondent, v. THE FIRST NATIONAL BANK OF MARYSVILLE (a Corporation), Appellant.

[1] BANKS AND BANKING — COLLECTION OF CERTIFICATE OF DEPOSIT — NEGLIGENCE—ABILITY TO PAY—EVIDENCE—FINDING—APPEAL.—In this action against a bank for negligence in failing to exercise due care in connection with the attempted collection of a certificate of deposit, the finding of the trial court against defendant's plea that plaintiff had not suffered any damage by reason of defendant's negligence because the depository bank, at the time the certificate of deposit was presented for collection, was unable to pay the same, or any portion thereof, was conclusive on appeal, where the trial court accepted as substantial evidence of said depository bank's actual ability to pay in due course the tangible fact that its cashier on the following morning could and did get

from a rival bank an amount of money in excess of the amount of plaintiff's certificate of deposit, and that for four days thereafter said depository bank was doing business as usual, whereas defendant's evidence was merely to the effect that on the day the certificate of deposit was presented, after banking hours, said depository bank was "short" of money.

[2] ID.—CUSTOM—EVIDENCE—FINDING—APPEAL.—In such action, assuming that the alleged usage and custom pleaded by defendant was a reasonable one, and was such a one as to fasten an implied knowledge on the parties, in view of the conflict in the testimony of substantial bankers as to the existence or nonexistence of such custom and practice in the locality in question, the trial court's finding against such defense was conclusive on appeal.

(1) 4 C. J., p. 883, n. 33.    (2) 4 C. J., p. 883, n. 33.

APPEAL from a judgment of the Superior Court of Yuba County.  K. S. Mahon, Judge.  Affirmed.

The facts are stated in the opinion of the court.

W. H. Carlin, for Appellant.

W. E. Davies, Charles W. Johnson, and J. C. Saylor for Respondent.

BUCK, J., *pro tem.*—This is an appeal from a judgment rendered against the defendant National Bank for the sum of $1,050 with interest, being the amount evidenced by a certain certificate of deposit made and delivered by the defendant to the plaintiff.

Upon a former appeal in this case an opinion was rendered by the supreme court (193 Cal. 185 [223 Pac. 547]), wherein the law covering every phase of the case was fully expounded. As was stated by the supreme court in regard to the first trial of the case, it may be also said of the second trial, that the case was shifted to one of negligence based not upon contract arising out of the issuance of the certificate of deposit sued upon, but arising out of negligence based upon the defendant's liability to the plaintiff for its failure to use due care in the collection of a different certificate of deposit, issued to plaintiff by the First National Bank of Gridley. In its amended answer defendant sets up defenses alleging, in effect, first, that plaintiff suffered no injury on account of

any alleged negligence in the attempted collection of the certificate of deposit on the Gridley Bank, because the bank, at the time the certificate was presented for collection, ''was unable to pay the same, or any portion thereof, and did not have sufficient money either on hand or which it could procure to pay said certificate, or any portion thereof, and its refusal to pay the same upon demand . . . was because of its inability so to pay and lack of money for payment thereof,'' which said inability continued from the time of the presentation of said certificate on December 13, 1920, up to and including the seventeenth day of December, 1920. And for a second defense it was alleged, in effect, that there was no neglect of duty on the part of defendant for its failure to make the collection, because, in seeking to serve plaintiff, the defendant acted in all respects in accordance with ''a general custom or usage in the matter, practice, and manner of making collections by a bank or banking institution of a draft, certificate of deposit or other paper delivered and received by a bank from the drawer or owner upon and for collection'' upon some other bank. The trial court made special findings against each of these defenses, and on this appeal it is defendant's contention that the evidence was insufficient to sustain these findings.

As regards the claimed insufficiency of the evidence to sustain the finding touching the inability of the Gridley Bank to pay its certificate of deposit upon demand, counsel relies upon the testimony of J. R. Craig, who testified that on December 13, 1920, he took the certificate after banking hours over to the First National Bank of Gridley, and ''rapped on the door and they admitted me''; that he saw the cashier, Mr. Charles Serene, and asked for cash on the draft. ''I asked for cash on the certificate of deposit, stating our exchanges were closed, and he said they were short. He didn't say he could give it to me, but he said he was short. He did not give me the cash. He assured me that the exchanges in San Francisco banks were sufficient, that he would give me a draft for it. Q. Did he say he could give you the cash there? A. He said he could not, no. He said he was coming over the next morning to get cash from me. . . . He said he was short, he would be over the next morning and get cash to carry on. Q. Did he go over next morning? A. He did. Q. What did he get? A. He got

$1500 in currency from the Gridley Branch of the Rideout Bank.''

[1]   As against the foregoing testimony touching ''shortness'' of money on the thirteenth day of December after banking hours, the trial court evidently accepted as substantial evidence of the bank's actual ability to pay in due course the tangible fact that its cashier on the following morning could and did get money to the extent of $1,500 from a rival bank.   And there was further testimony received by the trial court tending to show that for four days up to and including the seventeenth day of December the bank was doing business as usual.   Under the well-established rule touching the binding effect of findings made by the trial court on conflicting testimony, or upon conflicting inferences that may be drawn from the same testimony, we do not feel inclined to set aside the finding made by the trial court on the foregoing issues.

[2]   And, second, as regards the defense setting up usage and custom: Assuming, but not deciding, that the custom pleaded was a reasonable one, and was such a one ''as to fasten an implied knowledge on the parties,'' an examination of the evidence discloses such a conflict in the testimony of substantial bankers as to preclude this court from setting aside the findings of the trial court.   Though Bankers P. T. Smith, J. R. Craig, and E. E. Briggs testified, in substance, that the method pursued in attempting to make the collection herein was in accordance with the custom and practice in the locality, Bankers Temple Crane and H. B. P. Carden testify that in their experience as bankers in the same locality, though they are each familiar with the customs of banks in making collections similar to the one attempted in the case at bar, they never followed or knew of such a custom.

The foregoing findings of the trial court at the last trial of the case therefore leaves the case, so far as its material facts are concerned, in the same situation as it was when it was submitted to the supreme court on the previous appeal. And since the law applicable to the facts as established by the trial court herein was absolutely fixed and settled by the supreme court in favor of the respondent herein, the judgment appealed from herein is affirmed.

Plummer, J., and Finch, P. J., concurred.